#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CR-00045-GKF-4 |
| | ) |
| LUIS GERARDO TREJO-ZAMBRANO, | ) |
| LUIS ANTONIO SORIA, | ) |
| BRYAN ULYSSES MARTINEZ, | ) |
| DARMEL DASHUN BATEMON, JR., | ) |
| MARCOS ZAMBRANO-RIVERA, JR., | ) |
| KALOB NATHANIEL BURTON, | ) |
| CHRISTOPHER YAHIR MARTINEZ, | ) |
| and CHRISTOPHER SABB, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This matter comes before the court on defendant Darmel Dashun Batemon, Jr.'s Motion to Sever Count Eleven of the Second Superseding Indictment. [Doc. 191]. For the reasons set forth below, the motion is denied.

### Background/Procedural History

On September 16, 2023, eight individuals were arrested outside of a nightclub near downtown Tulsa. After searching the detainees and their two vehicles, Tulsa Police officers found ten (10) firearms evenly distributed between the vehicles, body armor, Oxycodone pills in a zip lock bag, loose marijuana, rolling papers, and a backpack containing marijuana, a functional digital scale, and an empty .40 caliber pistol magazine.

On May 21, 2024, a grand jury returned a Second Superseding Indictment charging Mr. Batemon with conspiracy and attempt to traffic firearms pursuant to 18 U.S.C. §§ 933(a)(3) and 933(b), transporting firearms in interstate commerce while under indictment pursuant to 18 U.S.C.

§§ 922(n) and 924(a)(1)(D), and interstate travel in aid of racketeering enterprises pursuant to 18 U.S.C. § 1952(a)(2). [Doc. 109]. Trial of this matter is scheduled to begin on October 15, 2024. [Doc. 187].

On September 3, 2024, Mr. Batemon filed his Motion to Sever Count Eleven of the Second Superseding Indictment. [Doc. 191]. He points out that this case involves two separate trips from Arkansas to Tulsa, Oklahoma in September 2023, the first of which involved an alleged kidnapping and certain violent statements. The kidnapping charge which other defendants in this case have been charged with only concerns the first trip. Mr. Batemon, who it appears was only present for the second trip from Arkansas, is not charged with kidnapping. Mr. Batemon argues that trying him alongside the defendants involved in the first Tulsa trip would prejudice him by associating him with kidnapping and the various violent statements attested to in that trip. He requests that either his trial be severed as to Count Eleven or that all evidence from the first Tulsa trip be excluded in the trial against him. The government filed a response in opposition. [Doc. 196].

**Legal Standard**

"Joinder of offenses in a single trial is appropriate when the offenses 'are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" *United States v. Thomas*, 849 F.3d 906, 911 (10th Cir. 2017) (quoting Fed. R. Crim. P. 8(a)). "If the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts." Fed. R. Crim P. 14(a). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials," and the decision "is within the sound discretion of the trial court." *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992) (quoting *United*

*States v. Cardall*, 885 F.2d 656, 667-68 (10th Cir. 1989)).  In the Tenth Circuit,

> [t]o prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials.  It is not enough to show that separate trials may have afforded a better chance of acquittal.  Rather, to demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired.

*Thomas*, 849 F.3d at 911-12 (internal citations omitted).

The burden a movant for severance must meet is high, as the Supreme Court has instructed that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993). "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.*  However, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).  Particularly in the case of co-conspirators, like this one, the Tenth Circuit has upheld the "principle that 'those indicted together, especially co-conspirators, should be tried together.'" *U.S. v. Peveto*, 881 F.2d 844, 856 n.16 (1989) (quoting 8 J. Moore et al., *Moore's Federal Practice* § 14.05, p. 14–48 (2d ed. 1989)).

**Analysis**

Mr. Batemon argues that he will be prejudiced by the introduction of evidence that occurred before he is alleged to have entered the conspiracy—specifically, details about the kidnapping and inflammatory violent statements made therewith during the first Tulsa trip. [Doc. 191, p. 3].  Based on this, Batemon has moved to sever his trial for Count Eleven.  Count Eleven charges all the named defendants in this case with interstate travel in aid of racketeering enterprises pursuant to 18 U.S.C. § 1952(a)(2), alleging that they "traveled in interstate commerce and used any facility

in interstate commerce, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving narcotics and controlled substances, and thereafter attempted to commit the crime of violence to further such unlawful activity." [Doc. 109, p. 13].

Mr. Batemon was arrested contemporaneously with the other defendants congregating around vehicles carrying numerous high-capacity firearms. Based on this fact, the government charged him with Count Eleven. Other defendants in this case have been charged with a separate count of kidnapping, but Mr. Batemon is not one of them. The evidence which Mr. Batemon argues would be highly prejudicial to him almost exclusively concerns the kidnapping charge. Although it is understandable that Mr. Batemon does not want to be associated with a kidnapping in which he played no part, the fact that he has not been charged with kidnapping makes this appropriate scenario for a limiting instruction to the jury.

Evidence about the first Tulsa trip will likely be introduced at trial to establish certain elements of Count Eleven. Such evidence, whether Count Eleven were to be severed or not, is likely to be admissible with respect to the charge against Batemon. Conspiracy and racketeering are unique criminal charges in that they attribute acts in furtherance of the conspiracy to each of the conspirators, regardless of whether an individual co-conspirator was directly involved in that act. *See Pinkerton v. U.S.*, 328 U.S. 60 (1946). There are substantial hurdles which the prosecution must clear before such evidence will be admissible to a jury, including *James* hearings and motions in limine. These protections, in addition to an appropriate limiting instruction to the jury, are entirely adequate to protect Mr. Batemon from undue prejudice arising from evidence of the first Tulsa trip.

## Conclusion

WHEREFORE, the Motion Sever Count Eleven of the Second Superseding Indictment [Doc. 191] of defendant Darmel Dashun Batemon, Jr. is denied.

IT IS SO ORDERED this 20th day of September, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE